UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EVERINGHAM BROTHERS BAIT COMPANY, | Civil No.   06-cv-2708-L (POR) |
|---|---|
| Plaintiff-in-Limitation, | **ORDER RE DISCOVERY** |
| v. | **(Doc. Nos. 24, 25, 26)** |
| NICHOLAS C. WILLIAMS, | |
| Claimant-Respondent. | |

The Court held a Discovery Conference on December 4, 2007, to resolve the parties' discovery disputes. At the hearing, Claimant, NICHOLAS WILLIAMS ("WILLIAMS") was represented by his attorneys, William L. Banning and Jessica Voss. The Limitation Petitioner and Claim Defendants EVERINGHAM BROTHERS BAIT CO., and Claim-Defendants F/V EBBCO and ROY "BUCK" EVERINGHAM, JR. (collectively  "EVERINGHAM"), were represented by their attorneys Sterling J. Stires and Charles S. LiMandri.   The parties Joint Discovery Conference Statement presents a total of eight discovery disputes:

1. WILLIAMS' request for a late designation of a toxicologist expert;
2. WILLIAMS' subpoena of the medical records of non-party witness Jerry Magers from Sharp Rees-Stealy, Otay Ranch;
3. WILLIAMS' subpoena of the medical records of non-party witness Jerry Magers from Sharp Rees-Stealy, Chula Vista;

///

4. WILLIAMS' subpoena of the medical records of non-party witness Jerry Magers from Shelter Island Medical Group;

5. WILLIAMS' subpoena of non-party witness Jerry Magers' employment records from Everingham Brothers Bait Co.;

6. WILLIAMS' request for production of crewmember witness statements taken by an insurance adjuster on behalf of Everingham Brothers Bait Co.;

6. WILLIAMS' request for a third inspection of the subject vessel with a demonstration of the operation of the skiff winch; and

7. EVERINGHAM's request for a vocational rehabilitation expert to examine WILLIAMS.

With respect to Issue No. 1, concerning WILLIAMS' request for a late designation of a toxicology expert, the Court DENIES the request without prejudice. WILLIAMS has attempted to name an expert toxicologist as a supplemental expert designation, beyond the Court's deadline for expert designations. EVERINGHAM objects to this late designation because it is not intended to supplement WILLIAMS' earlier designation, but is instead intended to pursue a new issue. WILLIAMS purports that at Jerry Magers' deposition, Magers presented new evidence that he may have been intoxicated at the time of the accident that is the subject of this litigation. Upon review of the parties' briefing, and the excerpted deposition transcripts filed with the briefing, the Court finds that WILLIAMS does not present sufficient good cause to warrant the late designation of a toxicologist. In the event that good cause develops in the course of discovery, the Court may reconsider whether to allow WILLIAMS to designate a toxicologist as an expert witness. At such time, the Court may also consider allowing EVERINGHAM to designate an expert toxicologist concerning WILLIAMS' own use of intoxicants.

With respect to Issue Nos. 2, 3 and 4 concerning WILLIAMS' request for production of the medical records of non-party witness Jerry Magers, the Court DENIES the request Based on the parties' briefing, and the excerpted deposition transcripts filed with the briefing, WILLIAMS' need for the medical records of this non-party witness is outweighed by the privacy interest in those records.

1     With respect to Issue No. 5, concerning WILLIAMS' subpoena of non-party witness Jerry
2 Magers' employment records, the Court GRANTS the request and ORDERS that counsel for the
3 parties shall meet and confer to specifically determine which pages of the employment records may
4 be produced without objection and which require a further determination by the Court.  The Court
5 finds that Jerry Magers' employment records from Everingham Brothers Bait Co. may be
6 discoverable if they are relevant to the employer's notice or knowledge of any conditions that may
7 have limited Magers' ability to act as an able or seaworthy seaman.
8     Counsel shall meet and confer within 10 days of the date of the Discovery Conference to
9 review together each page of Jerry Magers' employment records from Everingham Brothers Bait Co.
10 EVERINGHAM's counsel (also acting as Magers' counsel) shall determine whether to object to the
11 production of any records.  At the meet and confer, the parties shall separate the documents into
12 three categories. The first category would be those documents that WILLIAMS' counsel wants to
13 review and MAGERS' counsel has no objection to producing.  The second category would be those
14 documents which WILLIAMS' counsel does not seek to have produced.  The third category would
15 be those documents which WILLIAMS' counsel wants produced but Magers' counsel objects.
16 Within 10 days of the parties' meet-and-confer, the third category of documents shall be <u>lodged</u> with
17 the Court for *in camera* review, and the Court shall determine which additional documents, if any,
18 shall be produced to WILLIAMS' counsel.  The parties may also file separate Points & Authorities
19 if necessary.  If the parties' Points & Authorities contain allegedly confidential or privileged
20 information, the parties shall <u>file</u> their Points & Authorities with the Court in redacted form and
21 <u>lodge</u> the Points & Authorities in unredacted form with chambers .
22     With respect to Issue No. 6, the Court DENIES the request for production of witness
23 statements taken by an  insurance adjuster on behalf of EVERINGHAM.  The Court finds that
24 WILLIAMS fails to demonstrate a substantial need for the production of the witness statements
25 because WILLIAMS does not show that the witnesses currently lack sufficient memory of the events
26 of the subject accident.
27     With respect to Issue No. 7, the Court GRANTS the request for a third inspection of the
28 subject vessel.  The Court finds good cause to order an inspection that will include a demonstration

of the skiff winch used at the time of WILLIAMS' accident. The demonstration shall consist solely of the operation of the winch and there shall be no attempt to recreate the circumstances of the subject accident, nor shall the demonstration be videotaped.

With respect to Issue No. 8, EVERINGHAM's request for a vocational rehabilitation expert to examine WILLIAMS, the request is GRANTED such that both parties are entitled to designate a vocational rehabilitation expert and have him/her conduct an examination of WILLIAMS within 20 days of the Discovery Conference. Due to the nature and extent of WILLIAMS' claimed injuries, there is good cause for both sides to have a vocational rehabilitation expert examine him.

IT IS SO ORDERED.

DATED: December 14, 2007

_____
LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable M. James Lorenz
           All parties