UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERINGHAM BROTHERS BAIT COMPANY,<br><br>                     Plaintiff-in-Limitation,<br><br>    v.<br><br>NICHOLAS C. WILLIAMS,<br><br>                     Claimant-Respondent. | Civil No.   06-cv-2708-L (POR)<br><br>**ORDER RE: DISCOVERY DISPUTES REGARDING EXPERT DESIGNATION AND EXPERT REPORTS** |

On March 6, 2008, the Court held a discovery conference in this matter on Plaintiff-in-Limitation's motion to exclude an expert designated by Claimant and to exclude evidence, and Plaintiff-in-Limitation's motion for sanctions for Claimant's violation of this Court's Order dated December 14, 2007 [Dkt. No. 32, 33]. Sterling Stires, Esq., and Charles LiMandri, Esq., appeared for Plaintiff-in-Limitation. William Banning, Esq., Edward Bull III, Esq., and Jessica Voss, Esq., appeared for Claimant.

Plaintiff-in-Limitation and Claim Defendant EVERINGHAM BROTHERS BAIT CO. and Claim Defendants F/V EBBCO and ROY "BUCK" EVERINGHAM (collectively referred to herein as "EVERINGHAM") request that the Court exclude a proposed expert named by Claimant NICHOLAS C. WILLIAMS ("WILLIAMS"), following the Court's previous finding that Plaintiff lacked good cause to make an untimely designation of an expert toxicologist. EVERINGHAM also requests that the Court preclude WILLIAMS' experts from relying on evidence gathered at an inspection of EVERINGHAM's boat because EVERINGHAM claims that WILLIAMS conducted an accident reconstruction during the inspection, in violation of the Court's December 14, 2007

1  Order.  EVERINGHAM seeks disqualification of WILLIAMS' counsel and also requests sanctions
2  for WILLIAMS' acts.

### 1. Williams' Designation of Dr. Thomas Bruff as an expert toxicologist

The Court's December 14, 2007 Order denied WILLIAMS' request for the late designation of an expert witness on toxicology.  The Court's Order reads: "Upon review of the parties' briefing, and the excerpted deposition transcripts filed with the briefing, the Court finds that Williams does not present sufficient good cause to warrant the late designation of a toxicologist.  In the event that good cause develops in the course of discovery, the Court may reconsider whether to allow Williams to designate a toxicologist as an expert witness.  At such time, the Court may also consider allowing Everingham to designate an expert toxicologist concerning Williams' own use of intoxicants."

Subsequent to the Court's Order, WILLIAMS served a Second Amended Designation of Experts, which listed Dr. Thomas Bruff as an expert toxicologist.  EVERINGHAM claims that this designation directly violates the Court's Order.  EVERINGHAM further contends that WILLIAMS' counsel has violated doctor-patient privilege because Dr. Bruff was a treating physician of witness Jerry Magers' in 2003.  EVERINGHAM requests that WILLIAMS' counsel be disqualified for the violation of this privilege.

WILLIAMS contends that the inclusion of Dr. Bruff as a designated expert in the Second Amended Designation was intended only as a way of ensuring compliance with Federal Rule of Civil Procedure 26(a)(2)(A)'s requirement that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence."  WILLIAMS claims to have identified Dr. Bruff to acknowledge that if good cause arises, Plaintiff will seek to designate Dr. Bruff as an expert toxicologist.  WILLIAMS disputes EVERINGHAM's claim that Dr. Bruff formerly treated Magers.

The Court hereby DENIES Everingham's request to disqualify WILLIAMS' counsel.  However, the Court holds that WILLIAMS directly violated the Court's December 14, 2007 Order Re Discovery by designating a toxicologist as an expert witness to testify as to Jerry Magers' alcohol use.  To date, WILLIAMS has not petitioned the Court for a late designation of a toxicologist as an expert witness.

Pursuant to the Court's ruling, if the designation of Dr. Thomas Bruff is the only difference

between WILLIAMS' first amended designation of expert witnesses and WILLIAMS' second designation of expert witnesses, then the second amended designation shall be stricken. If there are other differences, WILLIAMS shall serve a third amended designation of expert witnesses which does not include Dr. Bruff.

IT IS FURTHER ORDERED that Dr. Thomas Bruff shall be stricken as an expert at anytime in this case, because Dr. Bruff is, or has been, a treating doctor of Jerry Magers as evidenced by his signing Magers' fit-for-duty slip (Dkt. No. 33-6 at 18). Dr. Bruff's letter of November 29, 2007 to WILLIAMS' counsel shall not be entered into evidence in this case, nor shall it be reviewed by any expert for purposes of testifying or forming their opinions in this case.

Should WILLIAMS renew his request for a late designation of an expert toxicologist, as relates to the alcohol use of Magers, EVERINGHAM may renew the motion to disqualify WILLIAMS' counsel based on information that may have been obtained from Dr. Thomas Bruff.

**2. Williams' inspection of Everingham's vessel**

The Court previously granted Plaintiff's request for a third inspection of the subject vessel. The Court's December 14, 2007 Order reads: "The Court finds good cause to order an inspection that will include a demonstration of the skiff winch used at the time of Williams' accident. The demonstration shall consist solely of the operation of the winch and there shall be no attempt to recreate the circumstances of the subject accident, nor shall the demonstration be videotaped."

EVERINGHAM complains that WILLIAMS treated the inspection as an accident reconstruction in violation of the Court's Order. Because the Court ordered that "there shall be no attempt to recreate the circumstances of the subject accident," EVERINGHAM requests an order prohibiting Plaintiff from treating the inspection as such by basing expert testimony upon that day's demonstration of the winch.

WILLIAMS responds by stating that EVERINGHAM operated the winch at the vessel inspection and neither WILLIAMS' counsel nor WILLIAMS' retained experts interfered with the winch operation. WILLIAMS argues that the Rules of Evidence allow the experts to base their opinions on the witnessed demonstration.

///

1  The Court hereby DENIES EVERINGHAM's request to prohibit WILLIAMS' experts from testifying as to what they observed at the vessel inspection.  The Court finds that its December 14, 2007 Order was not violated by the parties' conduct at the third vessel inspection.  If EVERINGHAM contends that the conditions of the third vessel inspection were different that the conditions at the time of the subject accident, that may be appropriate questioning that EVERINGHAM can present at the time of trial.

**Conclusion**

The Court finds no cause for sanctions at this time.

IT IS SO ORDERED.

DATED:  April 4, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable M. James Lorenz
           All parties