UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERINGHAM BROTHERS BAIT COMPANY,<br><br>              Plaintiff-in-Limitation,<br><br>      v.<br><br>NICHOLAS C. WILLIAMS,<br><br>              Claimant. | Civil No.   06-cv-2708-L (POR)<br><br>**ORDER ISSUING MONETARY SANCTIONS AND STRIKING CLAIMANT'S UNTIMELY EXPERT DESIGNATIONS** |

On April 29, 2008, the Court held a Discovery Conference in this case, regarding Claimant's service upon Claim-Defendant of a Fourth Amended Designation of Expert Witnesses. William Banning and Jessica Voss appeared on behalf of Claimant Nicholas Williams. Sterling Stires and Charles LiMandri appeared on behalf of Claim-Defendant Everingham Brothers Bait Co. Following the Court's oral ruling at the Discovery Conference, Mr. Banning addressed the Court to dispute the Court's recitation of a material fact. (Dkt. No. 54 at 13-14.) The Court has considered that assertion and this written order differs from the Court's oral ruling accordingly.

The Court's initial scheduling order pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.5(l)(9), dated May 24, 2007, set the date by which the parties could supplement their lists of expert witnesses as August 21, 2007. (Dkt. No. 17 at 1.) This Court's Order dated February 6, 2008, extended the deadline for discovery in this matter to April 28, 2008. The Court's Order stated that "all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off

1 | date, taking into account the times for services, notice, and response as set forth in the Federal Rules
2 | of Civil Procedure." (Dkt. No. 34 at 1.)
3 |     On March 28, 2008, Claimant amended his list of expert witnesses. (Dkt. No. 49-3 at 10.)
4 | Claimant's Fourth Amended Expert Witness Designation names twenty-four "unretained experts"
5 | identified as "individuals who, if called as a witness, may give percipient and expert opinion
6 | testimony regarding liability, causation and damage issues." (Id. at 16.) Of the twenty-four
7 | unretained experts named, only seven were timely designated by August 21, 2007. (Id. at 2-7)
8 | Eleven of the unretained experts had not been previously identified by Claimant. (Cf. Dkt. No. 49-3
9 | at 38-44.)
10 |     Defendant requests that the Court strike Claimant's Fourth Amended Expert Witness
11 | Designation and preclude Claimant from calling any expert witnesses at trial who were not timely
12 | designated on or before August 21, 2007. (Dkt. No. 48 at 6.) Defendant also requests sanctions
13 | pursuant to Federal Rule of Civil Procedure 37 for Claimant's abuse of the discovery process and
14 | Claimant's disregard of the Court's prior orders in this case denying the untimely designation of an
15 | expert witness without a prior showing of good cause made to the Court. (Id. at 6-8.)
16 |     Under Federal Rule of Civil Procedure 26(a)(2)(C), a party must disclose the identity of
17 | those witnesses who will provide expert testimony as least ninety days before trial "[a]bsent a
18 | stipulation or a court order." The Court's May 24, 2007 scheduling order in this case set August 21,
19 | 2007 as the date by which the parties should supplement their lists of expert witnesses. (Dkt. No. 17
20 | at 1.) If Claimant sought to designate witnesses to provide expert testimony after that date,
21 | Claimant should have made that request to the Court. If Claimant had done so and there was a
22 | demonstration of good cause for Claimant's untimeliness and a showing that Defendant would not
23 | be unduly prejudiced, the Court would have allowed the witnesses to be so designated.
24 |     Instead, Claimant served his Fourth Amended Designation of Expert Witnesses upon
25 | Defendant on March 28, 2008, fully aware that a Court order was required to make a late
26 | designation of a witness to provide expert testimony. On December 4, 2007, the Court had held a
27 | discovery conference regarding Claimant's proposed late designation of a witness to provide expert
28 | toxicology testimony, and the Court found that Claimant did not present sufficient good cause to

1  warrant the late designation at that time.  (Dkt. No. 31.)  When Claimant proceeded to designate the
2  same witness in his Second Amended Designation of Expert Witnesses, the Court held that Claimant
3  had directly violated the Court's prior order because Claimant "ha[d] not petitioned the Court."
4  (Dkt. No. 42 at 2.)

5  Claimant argues that "unretained experts" are distinguishable from "retained experts" under
6  the Federal Rules of Civil Procedure and Local Civil Rule 16.5.(l)(9) and that this distinction is
7  reflected in this Court's orders in this case.  (Dkt. No. 49 at 3.)  Claimant contends that due to this
8  distinction, parties are only obligated to identify non-retained witnesses who may provide expert
9  opinion testimony at trial within ninety days of trial, as provided by Federal Rule of Civil Procedure
10 26(a)(2)(C).  (Id. at 4.)  Thus Claimant argues that by identifying his "unretained experts," he is
11 exceeding his obligations under the Federal Rules of Civil Procedure and this Court's orders,
12 because the deadline for identifying such witnesses in this case is not set until a trial date is
13 determined.

14 The distinction which Claimant points to, between retained and non-retained expert
15 witnesses, relates only to Federal Rule of Civil Procedure 26(a)(2)(B).  Under Rule 26(a)(2)(B), only
16 witnesses retained by a party to provide expert testimony must provide a written report specifying
17 such things as the opinions that they will testify to, the basis for those opinions, and their
18 qualifications for holding such expert opinions.  But under Rule 26(a)(2)(A), parties must identify
19 <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the
20 Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.  <u>Musser v. Gentiva</u>
21 <u>Health Services</u>, 356 F.3d 751, 756 (7th Cir. 2004).

22 The purpose of Federal Rule of Civil Procedure 26(a)(2)'s requirement that parties' disclose
23 information about expert testimony, is to ensure that "opposing parties have a reasonable
24 opportunity to prepare for effective cross examination and perhaps arrange for expert testimony
25 from other witnesses."  <u>Advisory Committee Notes to 1993 Amendments to Federal Rule of Civil</u>
26 <u>Procedure 26</u>.  Claimant served his Fourth Amended Designation of Expert Witnesses on March 28,
27 exactly one month before the deadline for discovery in this matter on April 28, 2008.  Claimant's list
28 of unretained experts included only names and addresses.  Though Claimant was not required to

produce written reports by these unretained experts according to Federal Rule of Civil Procedure 26(a)(2)(B), the Court finds that Defendant was prejudiced by Claimant's failure to provide explanations of who the newly designated witnesses are or the subject matter about which they may provide expert testimony. Descriptions of the late-designated witnesses and their anticipated expert testimony came to Defendant only in opposition to Defendant's request that the Court strike Claimant's designations and sanction Claimant. Claimant's Fourth Amended Designation of Expert Witnesses was not served with the intention of providing Defendant "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Advisory Committee Notes to 1993 Amendments to Federal Rule of Civil Procedure 26.

The Court hereby GRANTS Defendant's request for sanctions. Prior Orders which cautioned Claimant against designating new experts without seeking leave of the Court did not dissuade Claimant. By naming eleven new witnesses who might provide expert testimony with exactly one month remaining in the discovery period, Claimant abused the discovery process. Claimant shall be sanctioned in an amount equal to Defendant's attorney's fees in bringing the motion that was required for Defendant to obtain descriptions of the late-designated unretained expert witnesses. Defendant's counsel has submitted a declaration which states that at his standard rate of pay, the costs of bringing the present motion and arguing the motion before the Court are $2,942.50.

The Court further GRANTS Defendant's request to strike Claimant's Fourth Amended Expert Witness Designation and preclude Claimant from calling any experts at trial who were not timely designated on or before August 21, 2007. Since the Discovery Conference on April 29, 2008, the Court has reviewed each of Claimant's expert designations served to date. Based thereon, the Court hereby modifies the oral ruling issued on April 29, 2008.

Claimant's initial designation of experts, from July 31, 2007, listed eight "unretained experts." (Dkt. No. 49-3 at 5-6.) Claimant then timely supplemented his expert witness designations on August 21, 2007, in accordance with this Court's scheduling order pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.5(l)(9). (Dkt. No. 48-3 at 18-20.) Claimant's supplemental expert witness designation did not, however, list any newly named

1  "unretained experts."  Without leave of the Court, Claimant served a Second Amended Designation
2  of Expert Witnesses on December 28, 2007, which included six additional "unretained experts,"
3  only one of whom had been previously named, as a retained expert witness.  (Dkt. No. 49-3 at 34-
4  35.)  This list of "unretained experts" appeared unchanged in Claimant's Third Amended
5  Designation of Expert Witnesses, dated February 20, 2008.  (Id. at 41-43.)  Finally, on March 25,
6  2008, Claimant served his Fourth Amended Designation of Expert Witnesses, which newly
7  designated eleven "unretained experts" who had not been previously identified in any prior
8  document.  Despite the initial scheduling order which set August 21, 2007 as the date by which the
9  parties could supplement their lists of expert witnesses, Claimant did not seek to provide the Court
10 with an explanation of good cause for supplementing his lists until April 23, 2008, when he opposed
11 Defendant's present request to strike these designations.  (Dkt. No. 49 at 5-8.)

## CONCLUSION

13    IT IS HEREBY ORDERED that Claimant and Claimant's counsel are jointly and severally
14 liable for attorneys' fees associated with the Joint Discovery Conference Motion (Dkt. No. 46).
15 Claimant and Claimant's counsel shall pay Defendant, in care of Defendant's counsel, the amount of
16 $2,942.50, **or before May 19, 2008**.

17    IT IS HEREBY FURTHER ORDERED that the "unretained experts" named by Claimant
18 after August 21, 2007 shall not be designated in Claimant's pretrial disclosures pursuant to Federal
19 Rule of Civil Procedure 26(a)(3) as witnesses who will provide expert testimony, unless Claimant
20 obtains a court order from the Honorable M. James Lorenz allowing such designation of these
21 witnesses.

23 DATED:  May 12, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

27 cc:        The Honorable M. James Lorenz
28            All parties